472 So.2d 732 (1985)
In re the Interest of M.P., a Child.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
LAKE COUNTY, etc., et. al., Respondents.
No. 65596.
Supreme Court of Florida.
July 3, 1985.
*733 James A. Sawyer, Jr., Gainesville, for petitioner.
Mary M. McDaniel of Ford, Minkoff & McDaniel, and Stephen G. Birr, Tavares, for respondents.
Robert A. Ginsburg, Dade Co. Atty. and Eric K. Gressman, Asst. Co. Atty., Miami, for Metropolitan Dade County, amicus curiae.
EHRLICH, Justice.
This cause is before the Court because of apparent conflict between the decision of the district court below, In re the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), and our decision in In the Interest of D.B., 385 So.2d 83 (Fla. 1980). We accepted jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
The instant case grows out of dependency proceedings wherein the trial court appointed an attorney as guardian ad litem pursuant to section 827.07(16), Florida Statutes (1981) to represent the interest of two minor children whose permanent removal from their parents was being sought by the State of Florida, Department of Health and Rehabilitation Services. The trial court assessed a fee against HRS for the lawyer's services and costs expended and that assessment was upheld by the district court.
In the Interest of D.B. arose prior to the effective date of section 827.07(16), Florida Statutes (1981). In pertinent part, that case involved orders of the circuit court directing the state to pay attorney's fees to counsel acting as guardian ad litem for the children involved therein. This Court concluded that there was no constitutional right to counsel for the subject children in a juvenile dependency proceeding and that under such circumstances the judge should use all available legal aid services. When these services are unavailable, he should request private counsel to provide the necessary services, which services are part of the lawyer's historical professional responsibility to represent the poor. The Court in its opinion made passing reference to section 827.07(16), but that statute was not involved and played no part in the Court's decision.
Because we find the issue in this case clearly distinguishable from the issues decided in In the Interest of D.B., we deny review.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.