506 So.2d 80 (1987)
In the Interest of N.W., R.W., R.W. AND R.W., Each a Child.
No. BO-67.
District Court of Appeal of Florida, First District.
April 30, 1987.
Robert A. Butterworth, Atty. Gen.; Joseph Lewis, Jr., Asst. Atty. Gen., for appellant.
John P. Stone, Jr. and Donald W. Matthews, of Matthews, Stone & Rodenborn, Jacksonville, for appellee.
NIMMONS, Judge.
The Department of Health and Rehabilitative Services of the State of Florida (HRS) appeals from that portion of a dependency adjudication order requiring HRS to pay for counseling of the father of the four minor children who were adjudicated dependent. The father has appeared as appellee herein in support of the order. We reverse.
After a dependency hearing, the trial court adjudicated the children dependent, placed them in the custody of their mother, ordered the father to receive counseling from one of two specified counseling facilities and ordered HRS to pay for the counseling. The final order followed the recommendation made by HRS in its report to the trial court with the exception of the court's requirement that HRS pay for the counseling. HRS appeals arguing that it cannot be required to pay for the father's treatment.
The issues before us are twofold: first, whether the state is responsible for payment of the father's counseling services; and, second, if so, which governmental agency must bear that responsibility. Because *81 we answer the first inquiry in the negative, we need not reach the second.
The state has been held responsible for the payment of services in the absence of a legislative authorization or appropriation only where the party receiving the services has a constitutional right to such services. In the Interest of D.B. and D.S., 385 So.2d 83 (Fla. 1980), (state held responsible for payment of attorney's fees for indigent participants in dependency proceedings where the proceedings could result in the permanent loss of parental rights). Other cases which have held the state responsible for fees where no constitutional right to the services is implicated have involved specific statutory authority for the services. See e.g. Simpson v. Merrill, 234 So.2d 350 (Fla. 1970); In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1982).
The present case is unlike D.B., supra, in that D.B. involved a service that was sought by the party involved, namely provision of an attorney. In the instant case, the court has required the father to seek counseling. Nevertheless, we find D.B. analogous to the instant case since the trial court had authority to require that the father seek counseling and treatment. Section 39.41(6), Florida Statutes (1985), provides:
(6) In carrying out the provisions of this chapter, the court may order the natural parents or legal guardian of a child who is found to be dependent to participate in family counseling and other professional counseling activities deemed necessary for the rehabilitation of the child.
However, this statute does not authorize the trial court to require HRS or any government entity to pay for the counseling services. In D.B., the party was required to appear in court and sought provision of counsel. In the instant case, the father is required to receive counseling and seeks payment of the services. Therefore, the father must demonstrate a constitutional right to payment of these services before the state will be required to pay.
Whether there exists a constitutional due process right to provision of services by the state or, as in this case, payment of required services, must be evaluated by the facts and circumstances of each case. D.B., supra. In D.B., there arose a constitutional due process right to provision of counsel because the indigent participant was likely to lose permanent parental rights. In the instant case, however, the proceeding did not involve permanent commitment of the children to the custody of the department and there is no record evidence that the father is indigent. In fact, the only evidence is that the father is employed. We recognize that under some circumstances there may be a constitutional right to payment of these required services; however, the record in the case at bar does not support such a right.[1]
There being no specific statutory authority for the trial court to require the state to pay for the father's treatment and no constitutional right to payment for such treatment, we find that the trial court erred in requiring HRS to pay for the services. That portion of the order is therefore
REVERSED.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Our opinion should not be construed as precluding the father from asserting and attempting to prove circumstances establishing a due process right. We merely hold that the present record is insufficient in that regard.