574 So.2d 160 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Ronald I. COLE, et al., Appellees.
No. 90-596.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
Rehearing Denied February 18, 1991.
*161 Maureen D. Sullivan, Senior Atty. for Department of Health and Rehabilitative Services, Palatka, for appellant.
Ronald I. Cole and Larry B. Henderson, Ocala, for appellees.
COWART, Judge.
After a divorced father used a civil contempt proceeding in Volusia County against a mother to enforce the father's child visitation rights under a domesticated Alabama divorce decree, the Department of Health and Rehabilitative Services (HRS) instituted (at the mother's behest) in Marion County a separate dependency action alleging the father had sexually abused his child. The child custody action was transferred to Marion County and consolidated with the juvenile proceedings. The juvenile court entered an order entitled, "Order Appointing Guardian Ad Litem Program", which authorized the Circuit Director of the Guardian Ad Litem Program to designate a person to act as guardian ad litem of the child and directed such person to file an acceptance of "such appointment." Robert and Evelyn Del Vecchio filed an acceptance of appointment as guardians ad litem. Apparently the juvenile judge in the dependency proceeding entered an order permitting the father temporary visitation rights. The mother defied that order, hid the child and was adjudicated in contempt. The juvenile court on its own motion then appointed an attorney, Michael W. Johnson, as attorney ad litem for the child and directed him to locate the child. Thereafter, on September 8, 1989, attorney Ronald I. Cole filed a notice in the dependency proceeding giving notice that he had "been retained as counsel of record and will appear on behalf of the Guardian Ad Litem Program in the ... cause." Apparently the child was located and the juvenile court adjudged the child to be in the custody of the court, named Michael W. Johnson (the appointed attorney ad litem for the child) as the temporary custodian of the child and placed the child under the supervision of HRS. The juvenile court, pursuant to section 39.404(5), Florida Statutes, appointed the state attorney to represent the interests of the State of Florida and the minor child and the State of Florida filed an amended petition of dependency alleging that the child was dependent as a result of alleged actions on the part of both parents.
The circuit director of the Guardian Ad Litem Program petitioned the juvenile court, reciting that: (1) the Guardian Ad Litem Program had been "appointed", (2) Ronald I. Cole had filed a notice of appearance as the pro bono attorney for the Guardian Ad Litem Program, (3) "it was imperative" that Ronald I. Cole attend depositions scheduled in Alabama, (4) the Guardian Ad Litem Program had no funds for travel expenses, (5) travel expenses were estimated to be $650 and (6) Ronald I. Cole was donating his professional services to the Guardian Ad Litem Program and should not be asked to personally absorb the travel expenses. The juvenile court granted the motion and directed that *162 the travel expenses be paid by the "Marion County Judicial System."
The trial court severed and bifurcated for trial the dependency action from the civil domestic case in which there was pending a petition to modify the child custody provisions of the domesticated Alabama divorce decree. In the juvenile case the state attorney filed a Plan pursuant to Florida Rule of Juvenile Procedure 8.760(a) on December 4, 1989. On December 22, 1989, the juvenile court on its own motion appointed Ronald I. Cole as counsel for the Guardian Ad Litem Program nunc pro tunc to September 8, 1989.
The mother filed in the Fifth District Court of Appeal a petition for writ of habeas corpus against Michael W. Johnson and the circuit director of the Guardian Ad Litem Program. The writ was denied and counsel for the mother was admonished for material omissions in his pleadings and assessed and directed to pay the attorney's fees incurred by the respondents in preparing responses to the petition for the writ of habeas corpus.[1] The mother filed an appeal of the visitation and contempt orders, but that appeal was dismissed as being untimely.[2]
Michael W. Johnson filed a motion for payment of attorneys fees as attorney ad litem for the child. Ronald I. Cole filed a motion for payment of attorney's fees as the attorney for the Guardian Ad Litem program. The trial court stated that the Motions for Attorney's Fees:
... concern the issue of what state entity, as between Marion County (hereinafter County), the Department of Health and Rehabilitative Services (hereinafter HRS) and the Guardian Ad Litem Program (hereinafter the Program), if any, is obligated to pay these fees.
After reviewing caselaw the trial court adjudged that Marion County was to compensate Michael W. Johnson and HRS was to compensate Ronald I. Cole. Thereafter on March 21, 1990, the trial court entered a further order reciting that Ronald I. Cole was appointed nunc pro tunc as of September 8, 1989, to represent the Guardian Ad Litem Program upon their request as the Guardian Ad Litem Program's attorney was unavailable due to a conflict but that the Guardian Ad Litem Program had no funds available for a conflict attorney and that because HRS has the ultimate responsibility for insuring the protection of children, HRS was ordered to pay Ronald I. Cole an attorney's fee of $11,400 and costs of $120.35. HRS appeals the order requiring it to pay Ronald I. Cole's attorney's fees for representing the Guardian Ad Litem Program.[3]
HRS contends it is not responsible for Cole's fees because Cole was not looking after the child's interests but rather was looking after the guardian ad litem program's interests, a program that HRS neither administers nor funds.[4]
There is no reference in our statutes or rules of procedure to the guardian ad litem program though there are provisions for the appointment of guardians ad litem in juvenile and child abuse or neglect judicial proceedings. See, e.g., § 415.508, Fla. Stat.; Fla.R.J.P. 8.300, 8.590.
Apparently, in response to a state-wide need for assistance to courts handling child abuse or neglect proceedings, the guardian ad litem program was conceived by our supreme court which created a program in each judicial circuit to solicit and train competent lay people to serve as guardians ad litem. See In Re State of Florida Guardian Ad Litem Program, Minimal Standards of Operation, Administrative *163 Order (Fla. Feb. 18, 1985).[5] Funds were apparently appropriated by the Legislature to implement the program and those funds are apparently administrated by the office of the State Courts Administrator under the direction and control of the supreme court. The supreme Court, in its unpublished Administrative Order,[6] adopted certain rules governing the program. The rules provide, inter alia, that the Chief Judge of each judicial circuit would designate a circuit coordinator for the program who is apparently paid with state funds administered by the supreme court. The Supreme court rules further provide for a program attorney and in this case the fact that Cole was referred to as a conflict attorney implies that the circuit program had a regular attorney. It is unclear who pays the program attorney though it would seem that the program is responsible for its attorney's compensation. Cole should be compensated by whomever pays the program attorney. It further appears that the guardian ad litem program is only a program, the implementation of an idea or plan, and, contrary to the impressions and assumptions in this case in the trial court, is not a legal entity as can be a party to a law action. The trial court should not have "appointed" the guardian ad litem program to designate a guardian ad litem nor can the court indirectly delegate to the program, or Circuit Director of the program, the judicial power to appoint a guardian ad litem. The Circuit Director should provide the court with a list of qualified persons so that the judge can directly appoint a guardian ad litem.
We find no legal authority nor logical basis for imposing on HRS the attorney's fees of counsel for the guardian ad litem program because the circuit program is, due to funding constraints, unable to pay. HRS may be many things to many people but it is not a financial clearinghouse for payment to all those involved in child abuse or dependency proceedings. This is particularly true here where the agency has no responsibility for, or control over, the guardian ad litem program. This case is easily distinguished from In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla. 1985) and In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), rev. denied, 418 So.2d 1279 (Fla. 1982) which involved payment of attorney's fees to a guardian ad litem (attorney) appointed for the child pursuant to section 415.508, Florida Statutes (or the predecessor statute, section 827.07, Florida Statutes). In those cases, the legislative directive that HRS have prime responsibility for child abuse and neglect prevention and treatment efforts[7] was found to impose the burden of such fees on HRS. Absent a clear legislative statement, HRS is not responsible for the operational costs of a program it did not create and over which it has no control.[8]
REVERSED.
COBB, J., and SCHWARTZ, A.R., Associate Judge, concur.
NOTES
[1] Hays v. Johnson, 566 So.2d 260 (Fla. 5th DCA 1990).
[2] In the Interest of A.H., Case No. 89-2029 (Fla. 5th DCA 1990).
[3] A separate appeal is pending in this court from the award of fees to Michael W. Johnson assessed against Marion County.
[4] Indeed, the child was represented by a guardian ad litem, by an attorney ad litem and in the dependency proceedings, additionally by the state attorney's office.
[5] See Berger v. Berger, 466 So.2d 1149 (Fla. 4th DCA 1985); Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984).
[6] The supreme court administrative order adopting rules implementing the Guardian Ad Litem Program is referred to in State ex rel Department of Health and Rehabilitative Services v. Nourse, 489 So.2d 1214 (Fla. 4th DCA 1986) which held where no request is made for appointment of a guardian ad litem and the guardian ad litem program does not request appointment of an attorney ad litem, HRS is not responsible for the fees of the attorney ad litem appointed by the court. Accord In the Interest of C.T., 503 So.2d 972 (Fla. 4th DCA 1987).
[7] Section 415.509, Florida Statutes.
[8] We note that at one point attorney Cole stated that he had been retained on behalf of the Guardian Ad Litem Program and at another point the Circuit Director of the Guardian Ad Litem Program was under the impression attorney Cole was donating his services to the Guardian Ad Litem Program.