JOANOS, Judge.
The guardian ad litem in this child case appeals an order of the trial court denying the guardian’s petition for dependency and alternative motion for rehearing. We reverse.
This case had its inception on April 27, 1990, when the Department of Health and Rehabilitative Services (HRS) Child Protection Investigator (CPI) filed an affidavit and request for the detention of dependent children J.M., age 9½, and R.M., age 7½. As grounds for the request, the affidavit alleged harm or threat of harm to the children which was likely to impair their physical, emotional or mental well being, in that J.M. had experienced significant trauma to her vaginal area, diagnosed by Child Protection Team physician Dr. St. Petery. The affidavit further stated that since the alleged perpetrator was unknown, and a medical examination had not been performed on R.M., it was felt that she was likewise in a threatened harm situation. The request for detention of the children was granted, and the children were placed in temporary custody of HRS.
Thereafter, CPI Giddens filed a petition for dependency, seeking adjudication of J.M. and R.M. as dependent children within the meaning and intent of Chapters 39 and 415, Florida Statutes. The petition contained the same allegation of J.M.’s vaginal area trauma as set forth in the affidavit and request for detention, and further alleged that the parents were unable to offer an explanation as to J.M.’s injuries. The parents responded with an answer and motion to dismiss the dependency petition. Among other things, the parents’ answer alleged that J.M.’s vaginal injury was caused by a fall while straddling a metal rail. Subsequently, the parents filed a mo *821 tion for return of the children. The trial court did not grant the request for return of the children at that time, but the court issued an order directing HRS to set up a visitation schedule for the parents with their children, keeping in mind the best interest and protection of the children.
A guardian ad litem nominated by the Guardian Ad Litem Program was accepted and appointed by the trial court to represent the children’s interests. The guardian interviewed a number of people and filed a detailed report. The report contains the guardian’s emphatic recommendation that the children ought not be returned to their home.
At the adjudicatory hearing, HRS, the parents, and the guardian ad litem were all represented by separate counsel. The trial court heard testimony from both examining physicians; the HRS investigator; the shelter manager for Tree House, the facility where the children were housed; the ease coordinator for the Child Protection team; and interviewed each child separately in chambers. HRS proposed to submit the testimony of Dr. Janis Heffron, but she could not be located. The court found that HRS had failed to show by a preponderance of the evidence that adjudication of dependency was warranted. On July 23, 1990, the trial court issued an order granting the parents’ motion to dismiss.
On August 10, 1990, the guardian ad litem filed a petition for dependency and alternative motion for new hearing. The petition and motion were based on a statement made by R.M. to Barbara Schauweeker, an adult caregiver for the child while she was at Tree House in HRS custody. The alternative motion for new hearing alleged that although HRS had knowledge of such statement at the time of the July 11, 1990, dependency proceeding, the guardian ad litem had not been advised of the statement. The motion further alleged that the guardian is a separate party, and that notice to HRS through its agents does not constitute notice to the guardian.
At the hearing on the guardian’s petition, the trial court expressed the view that the guardian was asserting a right to two adjudicatory hearings every time a dependency petition was held. Counsel for the guardian maintained that the guardian’s petition was based on different allegations than the prior petition filed by HRS. Counsel further stated that he was proceeding under the provision for extraordinary relief. The trial court rejected the argument that the evidence was newly discovered, seemingly concluding that the allegations were the same as those raised in the HRS petition. In addition, the trial court attributed HRS’s knowledge of the statement to the guardian. The trial court treated the guardian’s motion for new hearing as a motion for rehearing, and denied same because it was not filed timely. The guardian’s petition for dependency was dismissed on the ground that the issues raised therein had been heard and adjudicated at the hearing held July 11, 1990.
The statutes and juvenile procedure rules applicable to this case demonstrate that a guardian ad litem functions independently of, and has a separate party status from HRS in a dependency proceeding. See, e.g., § 415.503(8), Fla.Stat. (1989); § 415.508, Fla.Stat. (1989); Fla.R.Juv.P. 8.540; Fla.R.Juv.P. 8.590; Department of Health and Rehabilitative Services v. Cole, 574 So.2d 160, 162-163 (Fla. 5th DCA 1990). The guardian ad litem program is administered by the Office of the State Court Administrator, under the supervision and control of the supreme court, see HRS v. Cole, 574 So.2d at 162-163, while HRS is an administrative agency.
The record in this case reflects that the trial court viewed the guardian ad litem and HRS either as indistinguishable parties, or viewed the guardian as an adjunct of HRS. This is apparent because the court rejected the guardian’s petition for dependency or for a new hearing primarily because the court was persuaded that the guardian’s petition was based on evidence known to HRS at the time of the July 11, 1990, hearing. The court reasoned that the failure of HRS to advise the guardian of evidence in its [HRS’s] possession resulted from a communications problem between *822 HRS and the guardian, and as such, did not concern the court.
The commencement of a dependency proceeding is accomplished by “the filing of one of the following pleadings: (1) a request to take into custody; (2) a detention petition; (3) a petition alleging dependency; or (4) a petition for permanent commitment.” Fla.R.Juv.P. 8.510. The Committee Comments to the rule provides that a dependency proceeding may be initiated “by the filing, by any person, of any of the documents listed.” (Emphasis supplied.) See also § 39.404(1), Fla.Stat. (1989), which provides, in part, that “any ... person who has knowledge of the facts alleged or is informed of them and believes that they are true,” may file a petition for dependency-
Under the foregoing provisions, the guardian in this case, as one who was informed of the facts alleged and who believed them to be true, was a proper person to file a petition for dependency. That being so, the guardian was entitled to seek relief from the order denying the HRS petition for dependency, on the basis of “[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.” Fla.R.Juv.P. 8.830(b)(2). A new trial may be awarded on the basis of newly discovered evidence upon a showing that if a new trial is granted, (1) the evidence will probably change the result, (2) the evidence has been discovered since the trial, (3) it could not have been discovered prior to trial through exercise of due diligence, (4) the evidence is material, and (5) the evidence is not merely cumulative or impeaching. King v. Harrington, 411 So.2d 912, 915 (Fla. 2d DCA 1982), review denied, 418 So.2d 1279 (Fla. 1982).
In the instant case, the claim of newly discovered evidence arises in the context of and is intertwined with the guardian’s claims of a discovery violation. Pursuant to Florida Rule of Juvenile Procedure 8.770(a)(2)(i)-(iii), the guardian was entitled to discover from HRS the names and addresses of all persons known to have information relevant to the proof of the allegations, the statement of any person furnished under (i), and any written statement or the substance of any oral statement of an involved person. Rule 8.770(f) makes the preceding discovery obligation a continuing one. When it has been ascertained that there has been a discovery violation, rather than exclusion, the court should conduct a Richardson inquiry to determine the existence or extent of prejudice caused by the violation. A. C. v. State, 566 So.2d 72 (Fla. 3d DCA 1990).
Here, the guardian contended that HRS violated discovery rules by failing to provide the guardian with the name of Ms. Schauwecker, the adult caregiver who worked with R.M. while she was in HRS custody, and by failing to furnish the guardian with the statement made by R.M. and written down by Ms. Schauwecker. This statement constituted the “newly discovered evidence” upon which the guardian’s petition for dependency or new hearing was predicated. The trial court denied the guardian’s petition for the following reasons: (1) the information alleged to be “newly discovered” was known to HRS at the July 11, 1990, hearing, (2) the guardian was a party to that hearing, (3) the guardian’s petition for dependency was based on the same vaginal injury to J.M. alleged in the HRS petition for dependency and adjudicated adversely to HRS on July 11, 1990, and (4) granting the guardian’s petition would mean that the court would be confronted with two hearings in every case involving HRS and a guardian ad litem.
The record does not support the trial court’s construction of the pertinent facts. First, although the “newly discovered” information was in possession of one HRS worker, it was not in possession of the guardian. Second, the “newly discovered” evidence was not the same evidence offered in support of the prior dependency petition. The HRS petition referred to J.M.’s vaginal injury, while the guardian’s petition referred to R.M.’s allegations of sexual abuse by her mother. Third, the record reflects that the guardian’s failure to discover the statement at issue was due solely to HRS's failure to abide by discovery rules, and not *823 to any lack of diligence by the guardian. The trial court observed that on the basis of the contested evidence, the court would have granted rehearing “in a heartbeat” if a timely motion for rehearing had been filed. Implicit in this statement is the court’s recognition that the statement was of sufficient import to warrant further proceedings.
We conclude the trial court’s denial of the guardian’s petition or motion for new hearing is based primarily on an erroneous construction of the pertinent facts. Accordingly, this cause is reversed and remanded with directions to grant a new hearing to consider the newly discovered evidence, and to receive such further evidence deemed necessary to decide the dependency issue.
WIGGINTON and WOLF, JJ., concur.