ERVIN, Judge.
Appellant, the Department of Health and Rehabilitative Services (“the department” or “HRS”), appeals a nonfinal order in which the trial court required HRS to pay medical expenses of a child, J.P., who has not been adjudicated dependent. We reject appellee’s contention that this appeal was not timely filed, and reverse and remand for further findings consistent with this opinion.
On August 4, 1987, HRS filed a petition seeking to have J.P., who was then seven years old, declared a dependent child. J.P. had been severely physically abused by his natural mother, removed from her home, and later adopted by his present parents. The department alleged that the adoptive parents used excessive corporal punishment against the child, who was said to be emotionally disturbed. On September 1, 1987, the parties entered into a plan for treatment, training, or conduct, which has since been extended a number of times. Pursuant to the plans, the adoptive parents and the child have participated in therapy, and J.P. has been placed in two foster therapeutic homes and two residential treatment homes. The child is diagnosed as having oppositional defiant disorder and displays aggressive behaviors.
After J.P. was placed in a therapeutic foster home on October 28, 1988, HRS filed a motion seeking to ensure, among other things, the parents’ financial responsibility for their son’s medical care. The court granted the motion on January 18, 1989, ordering, among other things, that the “[pjarents shall continue with financial responsibility on a sliding scale.” On October 1, 1989, Medicaid coverage was extended to J.P. under the Medically Needy Program, but such coverage was terminated in July 1990, because the parents’ combined reported income was $770 biweekly, rendering them ineligible for same.
At a subsequent hearing to review this case conducted on October 10, 1990, the parents testified that they were unable to pay for J.P.’s medical care, meaning his psychological and therapeutic treatment. Thereafter, the lower court ordered HRS, among other things, to “pay for all medical needs of the child, including exams, treatment and medication. The parents shall be evaluated by CSE [competent, substantial evidence] to determine their ability to reimburse HRS.” (Emphasis added.) We agree that the trial court erred in obligating HRS to pay for all of the child’s medical expenses under the circumstances, as there is no statutory authority for such an order.
A court may hold the state responsible for payment of medical services only when authorized by statute or when the party receiving the services has a constitutional right to such services. In the Interest of N.W., 506 So.2d 80 (Fla. 1st DCA 1987). We reject the parents’ claim that the court was authorized by Section 39.42, Florida Statutes (1989), which appears in part IV of Chapter 39, Florida Statutes, relating to families and children in need of services. Section 39.01(8), Florida Statutes (1989), defines a “child in need of services” as “a child for whom there is no allegation *487 or suspicion of abuse, neglect, or abandonment.” As stated above, HRS specifically alleged that J.P.’s parents had abused him, in a pending petition for dependency filed pursuant to Section 39.404, Florida Statutes (1989), which appears in part III of chapter 39, pertaining to dependency cases.
There is a statute, however, that authorizes the trial court to relieve the parents from full or partial financial responsibility for their child’s medical expenses, although it does not authorize the trial court’s particular order at bar. Section 39.407, Florida Statutes (1989), which does apply to dependency proceedings, authorizes the court to order medical and psychological evaluations and services for a child in the physical custody of the department. Subsection (11) provides:
The parents or guardian of a child in the physical custody of the department remain financially responsible for the cost of medical treatment provided to the child even if either one or both of the parents or if the guardian did not consent to the medical treatment. After a hearing, the court may order the parents or guardian, if found able to do so, to reimburse the department or other provider of medical services for treatment provided.
(Emphasis added). Although the parents are required to bear the cost of medical expenses incurred during treatment of their children,[1] if the court conducts an evidentiary hearing and finds that the parents do not have the resources to cover such expenses, the court may determine what portion, if any, of such expenses the parents are able to assume and order them to reimburse HRS for that amount to which HRS is entitled.[2] The implicit policy underlying section 39.407(11) — that parents are primarily responsible for the care and support of their children — is particularly reasonable in cases like that at bar in which the parents may be considered to have contributed to their child’s psychological problems that necessitated the medical treatment in the first instance.
We direct the trial court to make explicit findings on remand regarding the parents’ ability to pay for any or all of the medical needs of the child, and, if they are found to have such ability, the court shall order them to reimburse the department accordingly.
REVERSED and REMANDED with directions for the trial court to conduct further proceedings consistent with this opinion.
MINER and ALLEN, JJ., concur.

. Although there is no definition of “physical custody” in chapter 39, we believe that the entire statutory scheme under part III of chapter 39 clearly implies that once the department has entered into a treatment plan with parents in the course of dependency proceedings, and the plan requires the child to be placed in treatment facilities or homes either operated by or under contract with the department, the provisions of section 39.407(11) are applicable.

. This is essentially what the court required in the earlier January 18, 1989 order.