591 So.2d 1048 (1991)
In the Interest of J.W., a child.
No. 91-1837.
District Court of Appeal of Florida, First District.
December 26, 1991.
Lewis H. Buzzell, III, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Jacksonville, for appellant.
Gerald B. Stewart, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from the trial court's order requiring appellant Department of Health and Rehabilitative Services (HRS) to pay the cost of parental counseling to be provided to the parents of J.W. and K.W., whose child K.W. was, at the time of the subject order, adjudicated dependent and in the protective custody of HRS. We reverse that portion of the trial court's order requiring HRS to pay for said parental counseling services.
The trial court's order requiring HRS to pay for such counseling services must be supported either by statutory authorization or a showing by the recipient parents of a constitutional right to counseling services. See In Interest of N.W., R.W., R.W. and R.W., Each a Child, 506 So.2d 80 (Fla. 1st DCA 1987). As there is no statutory authorization for the trial court to require the state to pay for the counseling services, we must then ask if the parents have shown a constitutional right to such services.
In Interest of D.B. and D.S., 385 So.2d 83 (Fla. 1980) held that there existed a constitutional right to counsel for all indigent participants in juvenile dependency proceedings where the proceedings could result in a permanent loss of parental rights. Similarly, in the instant case, although we accept the trial court's finding of the parents' indigence, our review of the record and the trial court's order gives no indication that the parents were faced with the permanent loss of parental rights, or that K.W. would not be reunited with her parents unless the parents received counseling. Such being the case, the parents have not demonstrated a constitutional right to counseling services, and the state may not be required to pay for such services. The trial court is hereby instructed to modify the subject order to conform with this opinion.
AFFIRMED in part, REVERSED in part.
SHIVERS, ZEHMER and MINER, JJ., concur.