631 So.2d 348 (1994)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Shirley JONES, et al., Appellees.
No. 93-1145.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
Andrea D. Perkins, Orlando, for appellant.
No Appearance for appellees.
COBB, Judge.
The issue on this appeal is whether the trial court erred in ordering HRS to pay for an intelligence evaluation for a natural mother who was involved in a dependency action regarding five of her children.
*349 The record indicates that the guardian ad litem for the children filed a motion for evaluation of the natural mother pursuant to Rule 8.250(b), Florida Rules of Juvenile Procedure, arguing that an evaluation of the natural mother's mental faculties was essential to assist in the determination of a proper placement. The cost was approximately $150.00.
At the hearing, the attorney for HRS stated that no one opposed the motion, however, HRS did not have the funding to pay for it. In any event, the trial court ordered the natural mother to submit to a psychological evaluation and further mandated that the test should be arranged and paid for by HRS.
Generally, a trial court's order requiring HRS to pay for such services must be supported either by statutory authorization or a showing by the recipient parent of a constitutional right to the services, i.e., where the proceedings could result in a permanent loss of parental rights or where the Department requires the services to be undertaken prior to the parent being reunited with the child (listed responsibility in performance agreement). In Interest of J.W., 591 So.2d 1048 (Fla. 1st DCA 1991); In Interest of N.W., 506 So.2d 80 (Fla. 1st DCA 1987). See also In Interest of D.J.S., 563 So.2d 655, 669, 683 (Fla. 1st DCA 1990) (where performance agreement dealt with parents undergoing psychological evaluation, HRS should offer the evaluation at their expense as one of their responsibilities under the performance agreement unless the parent expressly undertakes to accept the financial responsibility).
In the instant case, neither section 39.407(13), Florida Statutes, nor Rule 8.250(b) provides any authority for the court to force HRS to pay for such a service. Additionally, the natural mother was represented by counsel and there was never any threat of termination of parental rights or permanent separation. Finally, the intelligence evaluation was not made a part of any performance agreement.
Accordingly, that portion of the order of April 8, 1993 appealed from, which required HRS to pay for the psychological evaluation (intelligence evaluation) is reversed.
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.