639 So.2d 689 (1994)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida, Appellant,
v.
Lisa D. KAHN and Dr. Suzanne Sobel, Appellee.
No. 93-2460.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
James A. Sawyer, Jr., Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellant.
George T. Paulk, II, Cocoa Beach, for appellees.
COBB, Judge.
The Department of Health & Rehabilitative Services appeals from an order assessing an expert witness fee against it.
*690 The facts of this appeal are that a young child was found to be dependent based upon a petition filed by HRS alleging abuse and neglect. A guardian ad litem was appointed in the dependency action, as contemplated by section 415.508(1), Florida Statutes, and the guardian requested and obtained appointment of counsel, Lisa Kahn, to represent the child. The court placed the child with an aunt and uncle who resided locally.
The child's natural mother was ordered by the court to undergo a psychological evaluation conducted by Dr. Sobel, who filed with the court the results of the psychological evaluation.
HRS was ordered by the court to staff the case for a determination of either long term relative placement or termination of parental rights. HRS moved to terminate supervision but the trial court denied the motion. The guardian ad litem ultimately petitioned for termination of parental rights. See § 39.461(1), Fla. Stat.[1] Kahn prosecuted the action and called Dr. Sobel to testify.
The trial court terminated the natural mother's parental rights and upon motion, ordered HRS to pay Dr. Sobel's expert witness fee of $950.00, which fee the court found was a reasonable and necessary cost incurred in the termination proceeding.
HRS argues that because it did not initiate or prosecute the termination proceedings, it was not liable for Dr. Sobel's fee. The agency maintains that it fully complied with its statutory responsibilities as well as with the trial court's orders and that the record does not establish nonfeasance on its part. HRS continues that if the guardian ad litem differed with HRS' view as to the nature of the placement of the child and elected to pursue termination, the guardian ad litem program should be responsible for the costs incurred in connection with that decision.
HRS has the primary duty, created by statute, to provide protective services to children in need of protection. § 415.509(1)(a)(4), Fla. Stat. HRS may, pursuant to this duty, be responsible for certain costs incurred in connection with termination proceedings. See In Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla. 1985). For instance, while there is no constitutional or statutory requirement that a juvenile be provided with court-appointed counsel in dependency/termination cases (an attorney ad litem), where HRS requests appointment of an attorney ad litem for the child, it will be responsible for payment of his or her fee. See Brevard County v. Department of Health and Rehabilitative Services, 589 So.2d 398 (Fla. 5th DCA 1991). Likewise, where an attorney ad litem is appointed by the court, in substance, to perform duties and carry out responsibilities statutorily imposed upon HRS, the agency will bear the expense of such personnel. See Marion County v. Johnson, 586 So.2d 1163 (Fla. 5th DCA 1991). Compare Department of Health and Rehabilitative Services v. Coskey, 599 So.2d 153 (Fla. 5th DCA 1992).
Conversely, HRS is not financially responsible for attorney's fees incurred by an attorney representing the guardian ad litem program; a program that HRS neither administers nor funds. Department of Health and Rehabilitative Services v. Cole, 574 So.2d 160 (Fla. 5th DCA 1990). As stated in Cole:
We find no legal authority nor logical basis for imposing on HRS the attorney's fees of counsel for the guardian ad litem program because the circuit program is, due to funding constraints, unable to pay. HRS may be many things to many people but it is not a financial clearinghouse for payment to all those involved in child abuse or dependency proceedings. This is particularly true here where the agency has no responsibility for, or control over, the guardian ad litem program. This case is easily distinguishable from In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla. 1985) and In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), rev. denied, 418 So.2d 1279 (Fla. 1982) which involved payment of attorney's fees to a guardian ad litem (attorney) *691 appointed for the child pursuant to section 415.508, Florida Statutes (or the predecessor statute, section 827.07, Florida Statutes). In those cases, the legislative directive that HRS have prime responsibility for child abuse and neglect prevention and treatment efforts was found to impose the burden of such fees on HRS. Absent a clear legislative statement, HRS is not responsible for the operational costs of a program it did not create and over which it has no control. [Footnotes omitted].
574 So.2d at 160.
The trial court here relied on In Interest of M.P. in imposing the psychologist's expert witness fee on HRS. The holding in M.P. was predicated on the fact that HRS is, by statute, primarily responsible for providing guardian ad litem services in child abuse cases. While here HRS did not instigate the permanent termination proceedings, HRS is responsible for providing protective services to children and such services were being provided in connection with which the expert fee was incurred. While the nature of the cost here differed from that involved in M.P., it was a necessary cost incurred by the guardian ad litem on behalf of the child. This latter factor, a service which was designed to directly benefit the child, distinguishes this case from Cole where the service was an operational cost incurred not on behalf of the child, but on behalf of the guardian ad litem program.[2] The trial court correctly ruled that HRS is responsible for the expert witness fee.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] This section contemplates that a petition for termination of parental rights may be filed by a person or entity other than HRS. See In Interest of C.B., 561 So.2d 663 (Fla. 5th DCA 1990) (guardian may bring petition to terminate parental rights).
[2] Appellate courts have recently held in dependency cases that in the absence of legislative authority, HRS cannot be held financially responsible for the cost of a professional service incurred where no constitutional right to the service exists. See, e.g., Department of Health and Rehabilitative Services v. Jones, 631 So.2d 348 (Fla. 5th DCA 1994) (intelligence evaluation); Department of Health and Rehabilitative Services v. Ortiz, 627 So.2d 124 (Fla. 5th DCA 1993) (psychological evaluation of natural mother); In Interest of J.W., 591 So.2d 1048 (Fla. 1st DCA 1991) (counseling services). None of these cases involved any threat of termination of parental rights.