COBB, Judge.
In this dependency action, the Department of Health and Rehabilitative Services appeals from an order of the juvenile court adjudicating the agency financially responsible for payment of psychological evaluations of the parents conducted pursuant to court order.
The record reflects that the juvenile court, at a judicial review hearing, placed the parents’ three children with the paternal grandmother and, on its own motion, ordered that the parents each submit to a psychological evaluation within thirty days. The order did not specify who was to pay for such evaluations.
The evaluations were completed, but the psychologist’s[1] statement for professional services remained unsatisfied. The court then entered the order being appealed, ruling that HRS was responsible for satisfaction of the psychologist’s bill, which the court also determined constituted a reasonable fee.
Section 39.407(13), Florida Statutes, authorizes a trial court to order a mental examination of a parent in a dependency action:
(13) At any time after the filing of a petition for dependency, when the mental or physical condition, including the blood group, of a parent, guardian, or other person requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only upon good cause shown and pursuant to notice and proce *142 dures as set forth by the Florida Rules of Juyenile Procedure.[2]
Florida Rule of Juvenile Procedure 8.250(b) likewise deals with mental examinations and evaluations of parents in a dependency context. Both the statute and rule are silent as to financial responsibility for the cost of such examinations.[3]
We believe that, absent specific statutory direction for state payment of services or a constitutional right on the part of the parent to such services, the parent is responsible for payment of the services. See Department of Health and Rehabilitative Services v. Ortiz, 627 So.2d 124 (Fla. 5th DCA 1993); In the Interest of J.W., 591 So.2d 1048 (Fla. 1st DCA 1991). In Ortiz, this court held that HRS was not financially responsible for the cost of the psychological evaluation of a parent undertaken in a dependency context. See also Department of Health and Rehabilitative Services v. Jones, 631 So.2d 348 (Fla. 5th DCA 1994). Thus, in this case, it was the parents who, at least in the first instance, were financially responsible for payment of the psychologist’s bill. If the parents assert indigency, a hearing on that issue should be held.
In the event both parents are determined to be indigent, the question arises as to the payment, vel non, of the psychologist. We are unwilling to read section 39.407(13) and Florida Rule of Juvenile Procedure 8.250 as granting to trial courts the authority to order psychologists to provide professional services without payment. Where a trial court acts within its statutory and rule authority in ordering a psychological evaluation of parents in a dependency context and the parents are found to be indigent following a hearing on that issue, the state, through its applicable agency, HRS, becomes liable for said obligation.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PETERSON, C.J. and THOMPSON, J., concur.

. It is unclear from the record how the particular psychologist was selected.

2. This appeal does not present the issue of whether the parents' mental condition was "in controversy” and whether "good cause” existed for such examinations. See S.N. v. Department of Health & Rehabilitative Services, 529 So.2d 1156 (Fla. 1st DCA 1988).

. Conversely, section 39.407(11), Florida Statutes, expressly provides that parents of a child in the physical custody of HRS are financially responsible for the cost of medical treatment provided to the child.