CANADY, C.J., dissenting.
The majority grounds its exercise of jurisdiction on express and direct conflict, asserting that the decision on review, Crane Co. v. DeLisle , 206 So.3d 94 (Fla. 4th DCA 2016) -which applies the Daubert[11] standard codified in revised section 90.702, Florida Statutes -is in conflict with Marsh v. Valyou , 977 So.2d 543 (Fla. 2007), and other cases applying legal principles based on the Frye[12] standard. Under article V, section 3(b)(3) of the Florida Constitution, such jurisdiction exists only if the decision on review "expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." Because Marsh and similar cases do not address "the same question of law" addressed in DeLisle , there is no express and direct conflict jurisdiction.
*1237 We have long recognized that a case decided on the basis of a statutory provision cannot be in conflict with an earlier case that pre-dated the effective date of that statutory provision. See In re Interest of M.P. , 472 So.2d 732, 733 (Fla. 1985) (denying review on the ground that the asserted conflict case "arose prior to the effective date" of the controlling statute in the case on review and therefore was "clearly distinguishable"). This follows from the self-evident proposition that one case decided on the basis of a statute and another case decided prior to the effective date of the statute on the basis of previous governing law do not-and could not-address "the same question of law." The new statute changes the legal landscape and presents an entirely novel legal question-namely, what does the new statute provide?
Marsh and similar cases based on Florida's Frye jurisprudence do not address the "same question of law" as the question addressed in DeLisle , which was controlled by and applied amended section 90.702, a statute that became effective after Marsh and similar cases were decided and that was specifically designed to displace Florida's Frye jurisprudence.
To exercise jurisdiction here, the majority sets aside fundamental constitutional principles of conflict jurisdiction. Never before have we exercised conflict jurisdiction on the ground that a case applies a statute that displaces previously existing law. The majority thus charts an unprecedented and ill-advised course that would expand this Court's conflict jurisdiction to encompass every case in which a district court applies a statute that has changed a legal rule in any area of the law. This is a very serious error.
The constitutionality of amended section 90.702 is unquestionably an important issue that is worthy of consideration by this Court. But the importance of an issue does not justify transgressing the constitutional bounds of this Court's jurisdiction. Instead, such an issue should be considered by this Court only in a case that presents a proper basis for jurisdiction under our constitution. Of course, this case might well have presented a basis for jurisdiction. If DeLisle had made an argument to the district court challenging the constitutionality of amended section 90.702, the district court most likely would have addressed that argument in its opinion. And then-depending on the district court's ruling-this Court would have had either mandatory jurisdiction based on a declaration of invalidity, art. V, § 3(b)(1), Fla. Const., or discretionary jurisdiction based on a declaration of validity, art. V, § 3(b)(3), Fla. Const. Yet for some reason, such an argument was not presented to the district court. Parties every day make choices in litigating cases that limit their options for review. And parties ordinarily must live with the choices they make. This Court should not rescue a party from a poor choice by exercising jurisdiction where none exists.
This case should be discharged. I dissent.
POLSTON and LAWSON, JJ., concur.

Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Frye v. United States , 293 F. 1013 (D.C. Cir. 1923).