489 So.2d 1214 (1986)
STATE of Florida, ex rel. DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
Philip G. NOURSE, As Circuit Court Judge of the Nineteenth Judicial Circuit in and for ST. LUCIE COUNTY, Florida, Respondent.
No. 85-2793.
District Court of Appeal of Florida, Fourth District.
June 11, 1986.
K.C. Collette, Dist. IX Legal Counsel, West Palm Beach, for petitioner.
Philip G. Nourse, in pro. per.
DOWNEY, Judge.
By petition for prohibition the State of Florida, ex rel. Department of Health and Rehabilitative Services, seeks to prohibit respondent, Philip G. Nourse, Circuit Judge, from acting in excess of his jurisdiction in ordering petitioner to pay attorney's fees to an attorney appointed by respondent to act as attorney ad litem for several children then under the jurisdiction of petitioner. Since the orders for payment of attorney's fees have been entered, prohibition does not appear to be the appropriate remedy. English v. McCrary, 348 So.2d 293 (Fla. 1977). Rather, certiorari should be resorted to, since the respondent's orders appear to be departures from the essential requirements of law.
The two minors were involved in custody litigation between their parents, one of whom lived in Indiana, the other in Florida. The father, a Florida resident, went to Indiana, took the children and returned to Florida. Proceedings here were commenced and the children were turned over to petitioner while the court determined the appropriate disposition of their custody. The trial judge appointed a member of the St. Lucie County Bar as Attorney Ad Litem to represent the children and, upon completion of said services, the court determined an appropriate amount for attorney's fees, which petitioner was required to pay. It is the propriety of said order that we are asked to review here.
Florida Rule of Juvenile Procedure 8.590 and Chapter 415, Florida Statutes, have established the Florida Guardian Ad Litem program, which is to be governed by the Minimal Standards of Operation as adopted by the supreme court by administrative order on February 7, 1985. Rule 8.590(a) states:
At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent (emphasis added).
Standard 1.6 of the Minimal Standards of Operation, however, specifically states:
Only duly certified volunteers of the State of Florida Guardian Ad Litem Program may be appointed as guardian ad litem for a child in abuse or neglect proceedings, unless the program requests appointment of an attorney to *1215 act as a guardian ad litem (emphasis added).
Petitioner points out that at no time did it request the appointment of a guardian ad litem nor did the program request the appointment of an attorney ad litem. Petitioner further notes that the Guardian Ad Litem Program was not involved nor appointed for representation or advice here and, therefore, the court failed to properly comply with standard 1.6. In addition, petitioner notes that standard 1.7 provides that "[f]unds for ... attorney contracts shall be determined annually based on legislative appropriation." Thus, to now visit attorney's fees upon the agency when it did not ask for appointment of an attorney seems contrary to the express provision of the standards. For that reason we believe petitioner was justified in objecting to the two orders in question, which should be, and are hereby, quashed.
LETTS and DELL, JJ., concur.