503 So.2d 972 (1987)
In the Interest of C.T., et al.
Nos. 4-86-1132, 4-86-1133.
District Court of Appeal of Florida, Fourth District.
March 11, 1987.
Daniel S. McIntyre, Co. Atty., and Krista A. Storey, Asst. Co. Atty., Fort Pierce, for St. Lucie County.
K.C. Collette, West Palm Beach, for State of Florida Dept. of Health and Rehabilitative Services.
DELL, Judge.
We have consolidated the above styled appeals because they arise out of the same order directing payment of attorney/guardian ad litem fees in juvenile dependency proceedings.
On April 18, 1986, the trial court entered a final order in which it consolidated fifty-one juvenile dependency actions. The order also granted St. Lucie County's (County) motion to amend orders entered in these cases for the payment of the fees. The amended order charged the Department of Health and Rehabilitative Services (HRS) or in the alternative, St. Lucie County, with responsibility for the payment of the fees previously assessed by the court. The trial court appointed attorney/guardians ad litem in thirty-five cases prior to July 1, 1985. In the sixteen remaining cases, the trial judge entered the orders appointing guardians ad litem on or after July 1, 1985.
The Nineteenth Judicial Circuit established a guardian ad litem program on July 1, 1985. Therefore Florida Rule of Juvenile Procedure 8.590 and Chapter 415, Florida Statutes (1985) applies to the sixteen cases filed after July 1, 1985. In Department of Health and Rehabilitative Services v. Nourse, 489 So.2d 1214 (Fla. 4th DCA 1986), we held:

*973 Florida Rule of Juvenile Procedure 8.590 and Chapter 415, Florida Statutes, have established the Florida Guardian Ad Litem program, which is to be governed by the Minimal Standards of Operation as adopted by the supreme court by administrative order on February 7, 1985. Rule 8.590(a) states:
At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent (emphasis added).
Standard 1.6 of the Minimal Standards of Operation, however, specifically states:
Only duly certified volunteers of the State of Florida Guardian Ad Litem Program may be appointed as guardian ad litem for a child in abuse or neglect proceedings, unless the program requests appointment of an attorney to act as a guardian ad litem (emphasis added).
Petitioner points out that at no time did it request the appointment of a guardian ad litem nor did the program request the appointment of an attorney ad litem. Petitioner further notes that the Guardian Ad Litem Program was not involved nor appointed for representation or advice here and, therefore, the court failed to properly comply with standard 1.6. In addition, petitioner notes that standard 1.7 provides that "[f]unds for ... attorney contracts shall be determined annually based on legislative appropriation." Thus, to now visit attorney's fees upon the agency when it did not ask for appointment of an attorney seems contrary to the express provision of the standards. For that reason we believe petitioner was justified in objecting to the two orders in question, which should be, and are hereby, quashed.
Id. at 1214-15.
Since neither HRS nor the county requested the appointment of attorney/guardians ad litem, we reverse the trial court's order requiring appellants to pay fees in those sixteen cases filed after July 1, 1985. Department of Health and Rehabilitative Services v. Nourse, supra.
The county next argues that it has no responsibility for the payment of fees in the thirty-five cases in which the trial court appointed attorney/guardians ad litem prior to July 1, 1985. In In the Interest of D.B., 385 So.2d 83 (Fla. 1980), the supreme court stated:
Finally, we find there is no constitutional right to counsel for the subject child in a juvenile dependency proceeding. By statute, counsel as guardian ad litem must be appointed in any child abuse judicial proceeding under section 827.07(16), Florida Statutes (1979). In all other instances, the appointment of counsel as guardian ad litem for the child is left to the traditional discretion of the trial court, and should be made only where warranted under Florida Rule of Juvenile Procedure 8.300.
... .
When appointment of counsel is desirable but not constitutionally required, the judge should use all available legal aid services, and when these services are unavailable, he should request private counsel to provide the necessary services. Under these circumstances, no compensation is available, and the services are part of the lawyer's historical professional responsibility to represent the poor.
Id. at 91-92.
We hold that since appointment of counsel was not required in these dependency proceedings, the county is not responsible for payment of the fees.
Finally we address the procedural question raised by HRS concerning the timeliness of the County's motion to amend the order requiring the County to pay the guardian ad litem fees. HRS contends that the County did not file its motion to amend the order within ten days pursuant to Rule 1.530(g), and that in the absence of a motion filed pursuant to 1.540, the trial court lacked jurisdiction to amend its order *974 charging HRS, or in the alternative the County with responsibility for payment of the attorney/guardians ad litem fees. HRS claims that "[n]owhere in those motions did the county ever allege lack of notice or make any other statements that would meet the requirements for application of a 1.540(b) motion." The record references cited by HRS fail to mention the County's response to HRS's motion to strike in which the County affirmatively stated that its motion to amend was pursuant to 1.540(b) and not pursuant to 1.530(g). Additionally the transcript of the hearing supports the County's position that it argued its motion pursuant to 1.540(b). The pleadings in this case are less than clear, and the procedural aspects are equally obscure. However, we hold that under the particular facts of this case the county sufficiently raised Rule 1.540(b), and that the trial judge did not arbitrarily substitute 1.540(b) as the basis for its order amending the judgment to charge HRS with responsibility for payment of the fees.
While HRS cannot be held responsible for payment of the attorney/guardian ad litem fees in the sixteen cases filed after July 1, 1985, it does have responsibility for payment of fees in the thirty-five cases filed before that date. See §§ 415.508 & 415.509, Fla. Stat. (1985); In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), review denied, 472 So.2d 732 (Fla. 1985); In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981); and Department of Health and Rehabilitative Services v. A.H., 459 So.2d 417 (Fla. 1st DCA 1984).
Therefore we affirm that part of the order that charges HRS with responsibility for payment of the attorney/guardian ad litem fees in those cases filed prior to July 1, 1985, as provided in sections 415.508 and 415.509, Florida Statutes (1985). We reverse those portions of the order charging HRS with responsibility for payment of fees in cases filed after July 1, 1985, and alternatively charging the County with responsibility for payment of fees in those cases.
AFFIRMED IN PART and REVERSED IN PART.
HERSEY, C.J., and WALDEN, J., concur.