588 So.2d 669 (1991)
BREVARD COUNTY, Florida, Petitioner,
v.
J. Scott LANFORD and Department of Health, etc., Respondents.
No. 91-996.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
*670 Nina Boniske, Asst. County Atty., Melbourne, for petitioner.
J. Scott Lanford, J. Scott Lanford, P.A., Melbourne, and James A. Sawyer, Jr., Dept. of HRS, for respondents.
GOSHORN, Chief Judge.
Petitioner, Brevard County, seeks certiorari relief from a circuit court order requiring the County to pay fees and costs, pursuant to section 43.28, Florida Statutes (1989),[1] to an attorney ad litem appointed to represent two minor children in a dependency action involving allegations of sexual abuse. We grant the petition for writ of certiorari and quash the lower court's order.
Section 415.508, Florida Statutes (1989) provides in pertinent part:
A guardian ad litem shall be appointed by the court to represent the child in any child abuse or neglect judicial proceeding, whether civil or criminal.
The relevant provision of Florida Rule of Juvenile Procedure 8.590 provides:
Rule 8.590 Guardian Ad Litem
* * * * * *
(b) The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceedings, and shall ascertain at each stage of the proceedings whether a guardian ad litem has been appointed.
Despite the mandatory language of both the statute and the rule, the trial judge presiding over the adjudicatory phase of the dependency proceeding intentionally elected not to use the state funded Guardian Ad Litem program and instead, on her own motion, appointed respondent, J. Scott Lanford, as attorney ad litem to represent the children.[2]
In recognition of the requirements of Chapter 415, Florida Statutes and the Rules of Juvenile Procedure, the supreme court in 1985 established the State of Florida Guardian Ad Litem program funded by the legislature and administered through the state court system. In re State of Florida Guardian Ad Litem Program, Minimal Standards of Operation, (Fla. Feb. 18, 1985) (unpublished). Standard 1.6 of the Minimal Standards of Operation provides:

Standard 1.6 Volunteer Guardians Ad Litem
Only duly certified volunteers of the State of Florida Guardian Ad Litem Program may be appointed as guardian ad litem for a child in abuse or neglect proceedings, unless the program requests appointment of an attorney to act as a guardian ad litem.
Standard 1.7 provides for a program attorney and requires that:
Circuits shall not appoint other attorneys in addition to the guardian ad litem unless a request is filed by the program or the child has delinquency or other matters which require representation independent of the guardian ad litem.
The Guardian Ad Litem program did not request Lanford's appointment[3] nor was there any showing that the children had delinquency or other matters requiring representation independent of the guardian ad litem. Therefore we conclude that the state provided and made available to the court the necessary personnel. See In the Interest of C.T., 503 So.2d 972 (Fla. 4th *671 DCA 1987) (error to require county to pay attorney/guardian ad litem fees after establishment of circuit's guardian ad litem program where neither party requested appointment of attorney/guardian ad litem). Accordingly, it was a departure from the essential requirements of law for the lower court to assess attorney's fees against Brevard County.
The petition for writ of certiorari is GRANTED, the writ is ISSUED and the lower court's order is QUASHED.
GRIFFIN, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] This section provides:

Court facilities.  The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.
[2] The order denying the motion for rehearing of the order requiring the County to pay Lanford's fees specifically found that the judge presiding over the case knew of the availability of the Guardian Ad Litem program and elected to appoint Lanford notwithstanding that availability.
[3] Even assuming the Guardian Ad Litem program attorney had been unable to provide the necessary representation, the Brevard County Guardian Ad Litem program has implemented a pro bono attorney service to provide attorneys to children in cases such as this.