589 So.2d 398 (1991)
BREVARD COUNTY, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, et al., Appellees.
No. 90-1916.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Rehearing Denied December 16, 1991.
Nina L. Boniske, Melbourne, for appellant.
James A. Sawyer, Jr., Orlando, for appellee Department of Health & Rehabilitative Services.
Gregory L. Hammel, in pro per.
DAUKSCH, Judge.
This is an appeal from an order denying Brevard County's motions to vacate or in the alternative to amend the trial court's orders authorizing payment of attorneys' fees for attorneys judicially appointed to represent children in thirteen consolidated juvenile dependency cases.
The record shows that the trial court appointed several attorneys to represent twenty-one children in thirteen consolidated juvenile dependency cases. A guardian ad litem was also appointed to represent fourteen of the children in nine of the cases. The trial court entered the orders appointing counsel on the ground that the children had represented that they were indigent and in need of counsel and on the ground that they appeared to be dependent and to have conflicting interests with their parent or guardian.
*399 Each of the trial court's orders appointing counsel stated that the attorneys would be compensated by public funds in an amount to be determined by the court upon completion of the cause. The record clearly shows that H.R.S. requested that the court appoint an attorney ad litem for four of the children in two cases; it is unclear whether the remaining appointments were made pursuant to H.R.S.'s request or of the court's own volition. The record also contains thirteen orders in which the trial court authorized payments to the attorneys pursuant to section 39.415, Florida Statutes (1989) and ordered the county to pay their fees.
The county filed a motion for rehearing of an attorney's motion for attorney's fees in one case and a notice in opposition to the fees in three cases. Finally, it filed several motions to vacate pursuant to Florida Rule of Civil Procedure 1.540(b) or in the alternative, to amend the trial court's orders authorizing payment of the fees in seven cases. In each of these motions it alleged that it had never received notification of the appointment of the attorneys or of their motions or proposed orders for payment of fees before the fees were assessed. It later filed motions to consolidate all thirteen juvenile cases involved in these proceedings.
The trial court initially took the county's motions under advisement but later requested the parties to schedule a hearing as to the reasonableness of the attorneys' fees awarded. A hearing was held after which the court entered a lengthy order denying the county's motions to vacate or in the alternative, to amend the court's orders authorizing payment of the fees. Accordingly, the county was ordered to pay the fees.
We agree with the county's first contention on appeal that the trial court erred by holding it responsible for compensating the court-appointed counsel in these juvenile dependency cases. Chapter 415, Florida Statutes (1989) and Florida Rule of Juvenile Procedure 8.590 establish Florida's Guardian Ad Litem Program. Section 415.508, Florida Statutes (1989) provides the following:
415.508 Appointment of guardian ad litem for abused or neglected child. 
(1) A guardian ad litem shall be appointed by the court to represent the child in any child abuse or neglect judicial proceeding, whether civil or criminal. Any person participating in a civil or criminal judicial proceeding resulting from such appointment shall be presumed prima facie to be acting in good faith and in so doing shall be immune from any liability, civil or criminal, that otherwise might be incurred or imposed.
(2) In those cases in which the parents are financially able, the parent or parents of the child shall reimburse the court, in part or in whole, for the cost of provision of guardian ad litem services. Reimbursement to the individual providing guardian ad litem services shall not be contingent upon successful collection by the court from the parent or parents.
The relevant provisions of Florida Rule of Juvenile Procedure 8.590 also provide the following:
RULE 8.590 GUARDIAN AD LITEM
(a) At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
(b) The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceedings, and shall ascertain at each stage of the proceedings whether a guardian ad litem has been appointed.
(c) The guardian ad litem shall be an attorney or other responsible adult ...
Florida's Guardian Ad Litem Program is governed by the Minimal Standards of Operation adopted by the supreme court by administrative order on February 18, 1985. Standards 1.6 and 1.7 provide the following:

Standard 1.6 Volunteer Guardians Ad Litem
Only duly certified volunteers of the State of Florida Guardian Ad Litem Program may be appointed as guardian ad litem for a child in abuse or neglect *400 proceedings, unless the program requests appointment of an attorney to act as a guardian ad litem.

Standard 1.7 Program Attorney
Each circuit program shall provide for legal services and may employ legal counsel to provide legal services in accordance with guidelines established by the Office of the State Courts Administrator. Circuits shall not appoint other attorneys in addition to the guardian ad litem unless a request is filed by the program or the child has delinquency or other matters which require representation independent of the guardian ad litem.
Relying upon section 415.508(1), Florida Statutes (1989), the trial court in the present case erroneously concluded that this statute provides a dependent juvenile with the substantive right to an attorney. That section provides that the court shall appoint a guardian ad litem to represent an abused or neglected child. Florida Rule of Juvenile Procedure 8.590 further provides that "the guardian ad litem shall be an attorney or other responsible adult." Thus, while section 415.508(1), Florida Statutes (1989) provides the child with the right to a guardian ad litem, it does not provide him/her with the substantive right to appointed counsel.
It is undisputed that counsel in the present case were not appointed pursuant to the request of the county or of the Guardian Ad Litem Program and it is questionable whether they were appointed pursuant to the request of H.R.S. With the exception of the two cases where it is clear that H.R.S. requested the appointment of counsel, the trial court's appointment of these attorneys was therefore violative of Standards 1.6 and 1.7 of the Minimal Standards of Operation for the program. Standard 1.6 provides that only duly certified volunteers of the program may be appointed as guardian ad litem and that an attorney may not be appointed unless the program requests the appointment. Standard 1.7 provides that an attorney shall not be appointed in addition to the guardian ad litem unless requested by the program or unless there are matters which require representation independent of the guardian ad litem. Although the trial court's orders in the present case state that the children appeared to have a conflict with their parent or guardian, this does not meet the requirement that they have a conflict with the guardian ad litem.
The trial court in the present case also found that the substantive provisions of section 415.508(1), Florida Statutes (1989) were controlling over the minimal standards of operation rules. The court's holding is directly violative of In Interest of C.T., 503 So.2d 972 (Fla. 4th DCA 1987). In that case the district court reversed the trial court's order requiring the county to pay attorneys' fees to attorneys who were not appointed pursuant to the request of H.R.S. or the county but rather, were appointed by the trial judge. The court found specifically that the trial court's order was violative of both Standards 1.6 and 1.7.
The C.T. court relied upon Department of Health & Rehabilitative Services v. Nourse, 489 So.2d 1214 (Fla. 4th DCA 1986) in which the district court quashed the trial court's order requiring H.R.S. to pay attorney's fees to an attorney appointed by the court to act as attorney ad litem for several children. The district court again found that the trial court had failed to comply with Standards 1.6 and 1.7 because neither H.R.S. nor the program had requested the appointment of a guardian ad litem.
Thus, because the trial court in the present case failed to comply with Standards 1.6 and 1.7, its order denying the county's motion to vacate or in the alternative, to amend the court's orders authorizing payment of attorneys' fees for those attorneys judicially appointed to represent the children should be reversed. For the reasons set forth in the remainder of this opinion, we find that H.R.S. is responsible for payment of fees in those two cases in which it requested that the trial court appoint an attorney ad litem.
This court has previously held that the appointment of a guardian ad litem is a legislative requirement and that the prime *401 responsibility for carrying out the requirement is placed on H.R.S. pursuant to section 827.07(11), Florida Statutes (1981) [now section 415.509(1), Florida Statutes (1989)]. In Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. den., 472 So.2d 732 (Fla. 1985). See also Department of Health & Rehabilitative Services v. Metropolitan Dade County, 459 So.2d 1182 (Fla.3d DCA 1984); Department of Health & Rehabilitative Services v. A.H., 459 So.2d 417 (Fla. 1st DCA 1984); In Interest of R.W., 409 So.2d 1069 (Fla.2d DCA 1981), rev. den., 418 So.2d 1279 (Fla. 1982). The relevant sections of 415.509, Florida Statutes (1989) provide the following:
415.509 Responsibilities of public agencies with respect to prevention, identification, and treatment of child abuse and child neglect; educational and training programs. 
(1)(a) The department shall:
1. Have prime responsibility for strengthening and improving child abuse and neglect prevention and treatment efforts.
* * * * * *
4. Provide ongoing protective, treatment, and ameliorative services to, and on behalf of, children in need of protection to safeguard and ensure their well-being and, whenever possible, to preserve and stabilize family life.
In M.P., this court affirmed the trial court's order requiring H.R.S. to pay attorney's fees and costs to a court-appointed guardian ad litem in juvenile dependency proceedings. It reasoned that counsel was not constitutionally required and that the state agency is primarily responsible for providing guardian ad litem services in child abuse cases. It relied not only upon section 827.07(11), Florida Statutes (1981) but also upon section 827.07(16), Florida Statutes (1981) [now section 415.508(2), Florida Statutes (1989)] which provides statutory authority for reimbursement of costs to a guardian ad litem. This court noted that H.R.S. had failed to object to the appointment of the guardian and had failed to object to an order requiring payment in thirty days. The fact that H.R.S. actually requested the appointment of an attorney in two instances in the present case dictates that it be held responsible for paying his or her fees.
The trial court in the present case found that the payment of attorney's fees was specifically authorized under section 43.28, Florida Statutes (1989). That section provides the following:
43.28 Court facilities.  The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.
The trial court relied upon In re Matter of Skinner, 541 So.2d 781 (Fla. 4th DCA 1989) in applying the foregoing statute.
In Skinner, the county appealed an order requiring it to pay the fees of an attorney appointed by the court for a disabled adult ward under the Adult Protective Services Act. Section 415.105(3)(a), Florida Statutes (1989) [the protective services statute] provided that "the court shall appoint legal counsel to represent the aged person or disabled adult if he is without legal representation." Id., 541 So.2d at 782. Invoking section 43.28, Florida Statutes (1989) to require the county to pay the fees, the trial court in that case relied upon In Interest of D.B., 385 So.2d 83 (Fla. 1980) in which the supreme court held that where counsel is constitutionally required to represent an indigent, such counsel is "personnel necessary to operate the court" and that the county may be required to pay attorney's fees absent any other statutory provision.
The district court in Skinner agreed with the trial court's reliance upon D.B. finding that the requirement for appointed counsel in protective services proceedings was tantamount to the requirement for counsel in juvenile dependency proceedings. The court noted that the right to counsel in both instances was legally mandated and could see no reason to distinguish between counsel mandated by statutory law or constitutional law for purposes of invoking section 43.28, Florida Statutes (1989). Thus, the court concluded that the county *402 was liable for attorney's fees under that statute.
In M.P., however, this court rejected the argument that attorney's fees in juvenile dependency proceedings were authorized under section 43.28, Florida Statutes (1989). Because this statute requires that the county shall provide certain services unless provided by the state, this court concluded that the county was not liable for attorney's fees because H.R.S., a state agency, has the primary responsibility to provide guardian ad litem services in child abuse cases. This court adopted the reasoning of the district court's discussion of this issue in R.W. The court in that case found:
Appellant relies on In re D.B. and D.S., 385 So.2d 83 (Fla. 1980), as support for its position that Lee County, not appellant, should pay the guardian ad litem fees incurred pursuant to section 827.07(16). We find that reliance misplaced as we interpret that decision to be restricted to cases where appointment of counsel is constitutionally required. In those instances the court held that section 43.28, Florida Statutes (1979), requires the county to pay such fees. Appointment of a guardian ad litem in child abuse cases is not a constitutional requirement nor is it the type of appointment necessary to the operation of the court as contemplated by section 43.28. It is the result of a legislative requirement under chapter 827, Florida Statutes (1979). Section 827.07(11) places the prime responsibility for carrying out the provisions of that chapter upon appellant. Appellant, therefore, should pay the costs incurred in carrying out that responsibility.
Id., 409 So.2d at 1070-1071. It is also noteworthy that in M.P.(II), the supreme court specifically denied conflict review of M.P.(I) on the ground that section 827.07(16), Florida Statutes (1981) played no part in its decision in D.B.
It is apparent from the foregoing that the trial court's adoption of the Skinner court's reasoning that there is no distinction between counsel mandated by statutory law or constitutional law for purposes of invoking section 43.28, Florida Statutes (1989) is erroneous within the context of this case. By adopting this reasoning the trial court incorrectly concluded that section 415.508(1), Florida Statutes (1989) provides a dependent juvenile with the substantive right to an attorney. As previously discussed, that statute provides a dependent juvenile with the right to a guardian ad litem, not an attorney.
It is additionally significant that the Skinner court distinguished the facts of its case which involved protective services proceedings, where counsel is legally required, from the facts of M.P. and R.W. which involved juvenile dependency proceedings where counsel is not legally required. Skinner, 541 So.2d at 782, note 1. Based on the foregoing, however, it is clear that H.R.S. is at least responsible for the attorney's fees in those cases in which it requested the appointment of counsel. M.P.; Metropolitan Dade County; A.H. and R.W.
As its second contention on appeal, the county contends that the trial court erred by finding that it lacked jurisdiction to amend its order requiring the county to pay the court-appointed counsels' attorneys' fees. In its final order the trial court found that the county was entitled to notice as to the reasonableness of the attorneys' fees awarded and that the county had received copies of the orders to pay. It found additionally that despite this fact, the county had failed to appeal the payment orders, failed to file petitions for certiorari to review the orders and had failed to move for relief pursuant to Florida Rule of Civil Procedure 1.540(b).
On the basis of the foregoing, the trial court concluded that the county had waived its right to contest the awards and that it lacked jurisdiction to amend, modify or alter the provisions of the final orders awarding fees. Because the record in this case affirmatively shows that the county filed its motions to vacate or in the alternative, to amend the trial court's orders authorizing payment of attorneys' fees pursuant to Florida Rule of Civil Procedure 1.540(b), the trial court's order denying the county's motions should be reversed. H.R.S. should *403 additionally be ordered to pay the attorneys' fees in those two cases in which it requested the trial court to appoint an attorney ad litem.
REVERSED and REMANDED.
GOSHORN, C.J., and PETERSON, J., concur.