599 So.2d 153 (1992)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Julia Bohlmann COSKEY, et al., Appellees.
Nos. 91-895, 91-985, 91-986, 91-987, 91-988, 91-1407, 91-1430, 91-1431.
District Court of Appeal of Florida, Fifth District.
April 24, 1992.
*154 James A. Sawyer, Jr., Dist. Legal Counsel, Orlando, for appellant.
Nina L. Boniske, Asst. County Atty., Melbourne, for appellee, Brevard County.
No Appearance for appellees, Julia Bohlmann Coskey, Gregory L. Hammel, Fernando M. Palacios, J. Scott Lanford, and James H. Earp.
PETERSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals the assessment against it of attorney's fees. The fees were awarded to court-appointed counsel to represent the interests of children in dependency cases initiated by HRS pursuant to part III of chapter 39, Florida Statutes (1989). We reverse the assessments in these eight dependency cases consolidated for purposes of appeal.
We have reviewed in detail the records of the eight dependency cases, partly to gain insight as to the reasons for the appointment of counsel for the children, as well as the reason that Brevard County seems to be the only county within this thirteen-county district that is a source of multiple appeals involving the issue of attorney's fees for court-appointed counsel in dependency cases. The following impressions are a result of our review and are meant to be constructive and not to embarrass any court or individuals involved, all of whom have demonstrated sincere concern and successful efforts to serve the best interests of each dependent child.
1. Preprinted forms were used to appoint counsel for each child. Forms are meant to be helpful in organizing and processing repetitive tasks. On the other hand, they can be misleading to those judicial clerks and assistants who work on a particular case without really understanding the contents of a form and who adopt it simply because it was used previously in a similar case now being used as a model for later cases. Subject to that qualification, forms are particularly suitable for dependency procedures. Unfortunately, the form used in these cases to appoint counsel contained inappropriate recitations later relied upon to develop form orders awarding fees to appointed counsel. Two versions of a form order were used to appoint counsel for a child although a guardian ad litem also had been appointed. Both versions contain similar introductory clauses, but the later one adds the comment that the guardian ad litem also requested appointment of counsel. The two versions read:
VERSION 1.
The above named child has appeared appeared [sic] before me, and has represented to the Court that he/she is indigent and in need of counsel, and it appearing to the Court that the child is alleged to be a dependent child and may have conflicting interest with his/her parent or guardian... .

*155 VERSION 2.
The above named children having appeared before me, and having represented to the Court that they are indigent and in need of counsel, and the Guardian Ad Litem Program having requested that counsel be appointed to represent said children as it is alleged that they are dependent children and may have conflicting interests with their parent or guardian....
In all but two of the cases, the children were of such tender years that they would have been unable to understand the concept of need for counsel. Most were too young even to verbalize such a representation. In some cases, both versions of the form were used, resulting in a duplication of appointment of counsel, and in only one case did the record contain any verification that a representative of the guardian ad litem program had requested appointment of counsel. We suspect that in one case counsel was appointed before the director of the guardian ad litem program even knew about the case and certainly before a guardian ad litem was appointed.
It will have no effect upon the decision in this matter, but we speculate that the recitation of a request by a representative of the guardian ad litem program either never took place in each individual case or that a blanket request was made at one time by the representative to be applicable to all subsequent dependency cases in which physical abuse of a child was suspected.
2. In all except one case, the judge to whom the dependency case was originally assigned was not the judge who awarded the fees to counsel for the child. In some of the cases, two other judges were involved in the fee awards, one assessed fees against the county, and when that was found to be inappropriate, the second judge assessed the fees against the HRS in a well-drafted and scholarly, five-page order. This five-page order was then used as a form in the assessment of fees against HRS, and the failure to modify it for the variable facts present in some of the instant cases led to errors. For example, in the very first finding of fact, the order recited that the guardian ad litem had made a written request for appointment of counsel for the child on a particular date. The date coincides with the date of the order first appointing counsel for a child, but a written request is absent from the record, and in cases where the judge used the first version of the form originally appointing counsel, there exists no recitation that the guardian ad litem program requested appointment of counsel.
3. In four of the cases, the amount of fees awarded to counsel for the child and assessed against HRS exceeded the statutory cap of $1,000. § 39.415, Fla. Stat. (1989). One of the judges awarding fees recognized the statutory cap and limited the award to $1,000.
4. We suspect, from our review of the record in these eight cases and the facts gleaned from the record and arguments of the parties in Brevard County v. Department of Health and Rehabilitative Services, 589 So.2d 398 (Fla. 5th DCA 1991), that for some reason it became standard procedure in Brevard County to appoint both counsel and a guardian ad litem in the type of dependency cases involved in this appeal, and the fees awarded were assessed against and paid by the county until the county balked. See Brevard County, 589 So.2d 398; Brevard County v. Lanford, 588 So.2d 669 (Fla. 5th DCA 1991). The fees were then assessed against HRS when no other source of funds was available to honor the commitment by the court in the original orders appointing counsel that "counsel shall be compensated in such amount as may be fixed by a Judge of the Circuit Court of Brevard County upon completion of this cause."

ANALYSIS
It is not a pleasant task for us now to inform those attorneys who were appointed as counsel for the children and were promised payment from public funds that a source for the fees now cannot be found. It is particularly unpleasant in these consolidated appeals when the appointee in many of the cases is one particular attorney who now, as a result of having *156 agreed to receive reduced fees for representing indigent children, must suffer even more of a financial loss than he would have experienced. Clearly, Brevard County is not responsible for payment of the funds. Brevard County, 589 So.2d 398; Marion County v. Johnson, 586 So.2d 1163 (Fla. 5th DCA 1991). There is no assertion nor do the records reflect any request by HRS that counsel for a child be appointed, and, therefore, it appears just as clear that HRS is not responsible for the awarded fees under Brevard County, 589 So.2d 398.
While we have speculated that there was neither a request by a child nor a representative of the guardian ad litem program for the appointment of counsel except in one case, it seems appropriate to explore whether an actual request by the representative of the guardian ad litem program would change our conclusion that neither the county nor HRS is responsible for the fees of the appointed attorney.
The facts of the instant appeal present a slightly different twist from the previous Brevard County dependency cases in that here the trial court found that the guardian ad litem program had "requested"[1] the appointment of counsel. Who is responsible for payment of counsel when the trial court complies with the request?
The literal language of the supreme court's administrative order establishing the guardian ad litem program appears to eliminate the trial court's authority to decide whether an attorney should be appointed in a dependency case based upon the court's view of the case. This language appears in Standard 1.7 of the Minimal Standards of Operation:[2]
Circuits shall not appoint other attorneys in addition to the guardian ad litem unless a request is filed by the program or the child has delinquency or other matters which require representation independent of the guardian ad litem.
(Emphasis added).[3]
We hold that a trial court is not duty bound to appoint counsel for a child simply because a representative from the guardian ad litem program makes a request for the appointment. The court must exercise independent judgment after reviewing the need for the requested appointment. An example of the needless appointment of counsel after such a request can be demonstrated by the facts of one of the cases in the instant appeal. The director of the guardian ad litem program requested appointment of counsel, in addition to the guardian ad litem, for a one-year-old child since (1) the child's mother and father and maternal and paternal grandparents had provided conflicting information and had made conflicting allegations; (2) the case had become complex; and (3) all parties except the child were represented by counsel. Standard 4.2 of the Minimal Standards of Operation of the guardian ad litem program provides that the director of the program in each individual circuit "shall assure that the program maintains independent representation of the best interest of each child appointed to the program." Standard 4.3 provides that a "guardian ad litem for a child shall exercise independent judgment on behalf of the child and be guided solely by the best interests of the child." Standard 1.7 provides for an attorney for the guardians ad litem:
Each circuit program shall provide for legal services and may employ legal counsel to provide legal services in accordance with guidelines established by the office of the state courts administrator. Circuits shall not appoint other attorneys in addition to the guardian ad litem unless a request is filed by the program or the child has delinquency or *157 other matters which require representation independent of the guardian ad litem.
It is difficult to imagine what further services could be offered by the additional appointment of counsel for a one-year-old child when the guardian ad litem has as the goal the best interests of the child and that guardian ad litem, in turn, is counseled by the program attorney. Review of the record indicates that those who wanted custody of the child may have been pressuring the guardian ad litem to recommend that custody be given to each of them, but complex legal issues were not involved, at least none that the guardian ad litem and the program attorney could not handle. If the problem was unbearable pressure upon the guardian ad litem by conflicting interests, an additional person to consider the best interests of the child was not the solution.
The record does not reflect any valid reason for appointment of counsel in addition to the guardian ad litem in any of the cases on appeal. The only reasons stated are that the children were indigent and had interests conflicting with those of their parents. These factors are present in most all dependency cases. The only other factor present in the record of these cases is the "request" by the guardian ad litem program for appointment of counsel in what appears to have been a standard operating procedure that evolved in Brevard County. While the trial court's orders state that the children appeared to have a conflict with their parents or guardians, this does not meet the requirement that they have a conflict with the guardian ad litem. Brevard County, 589 So.2d at 400; Standard 1.7.
The record is clear in these eight dependency cases that the guardian ad litem program is functioning in Brevard County, that guardians ad litem were appointed in all of the cases, that HRS did not request appointment of counsel and that no valid reasons are apparent from the record that supports or justifies the requests to the trial court by a representative of the guardian ad litem program to appoint counsel for each of the children. Accordingly, we cannot affirm an assessment against HRS of attorney's fees for redundant representation, nor would it be appropriate to assess the fees against Brevard County under our previous decisions. See Brevard County, 589 So.2d 398.
The need for appointment of independent counsel for a child in a dependency hearing is unusual in view of the representation of a child's best interests by a guardian ad litem under the Florida Guardian Ad Litem Program. We doubt that, when unusual circumstances develop, it would be unreasonably disruptive to a dependency proceeding that the agency, upon whom the burden of fees is to be ultimately placed, be noticed and given the opportunity to attend and be heard at the hearing at which the appointment of independent counsel takes place. The hearing would provide the opportunity also to consider whether an appointment is even necessary or whether more economical alternatives are available.
We are not insensitive to the plight of the attorneys who were appointed by the trial court with the assurance that each would be paid from public funds. Unfortunately, the source of those public funds was not described in the orders of appointment and therefore the agency upon whom the burden of assessment would be ultimately placed by the appointing court had no forewarning. While it may be futile to seek payment, under section 415.508(2), Florida Statutes, from the parents involved in the dependency proceedings, the record does not disclose that this alternative was pursued. Indeed, in one case involving a solvent father, a perfect opportunity to assess attorney's fees was presented in a disposition order that imposed other financial requirements upon the father. It may be similarly futile to pursue payment from the requesting guardian ad litem program unless it has funds available or gains access to the funds.
The assessments of attorney's fees against HRS are reversed, and we remand to the trial court for the purpose of considering payment by the parents or from the *158 funds available, if any, from the guardian ad litem program.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] It seems inappropriate to appoint a program, a non-entity, to evaluate, recommend, or request anything, as Judge Cowart properly points out in Department of Health and Rehabilitative Services v. Cole, 574 So.2d 160 (Fla. 5th DCA 1990).
[2] The Minimal Standards of Operation were adopted by the Florida Supreme Court in an administrative order dated February 7, 1985.
[3] We acknowledge that Standard 1.6 also allows the "program" to "request" the appointment of an attorney as a guardian ad litem, but that was not the request in the eight cases considered in this appeal. The request was for counsel for the child, not an attorney to act as the guardian ad litem.