606 So.2d 730 (1992)
PALM BEACH COUNTY, ex rel., In re ADOPTION of T.G.L.
No. 91-2735.
District Court of Appeal of Florida, Fourth District.
October 21, 1992.
*731 Cory J. Ciklin, Asst. County Atty., West Palm Beach, for appellant Palm Beach County.
Robert Shalhoub, Houston & Shalhoub, P.A., appellee, pro se.
PER CURIAM.
Palm Beach County challenges an order requiring it to pay fees and costs to attorney Robert Shalhoub for services rendered as an attorney ad litem for a minor child in an adoption proceeding. We reverse.

FACTS
This matter first came before the court as a dependency action filed by the Department of Health and Rehabilitative Services (HRS), pursuant to allegations by the minor's aunt that the child's grandmother was not taking proper care of the child. The child had lived with his grandmother for twelve years, after his mother had passed away from cancer in 1979. The child's grandmother stated by affidavit that the child's mother had said that the father had abandoned the family, and the father's identity was otherwise unknown. The trial court found the child dependent, and appointed a guardian ad litem for him. After a disposition hearing, the aunt who prompted the filing of the dependency petition was given temporary custody of the child, subject to HRS supervision and visitation by interested relatives.
Thereafter, several of the child's adult relatives moved for a change of custody, and others filed for adoption in separate petitions. The court appointed Shalhoub as an attorney ad litem for the child, pursuant to a motion for such appointment filed by the grandmother and another aunt and uncle who had petitioned to adopt him. Ultimately, a settlement agreement was reached and an order was entered approving the settlement as being in the child's best interests.
The court then conducted a hearing on a motion to determine financial responsibility for Shalhoub's fees and costs. HRS did not appear at the hearing and the county contended that HRS should bear the attorney's fees and costs. The trial court concluded that the statutes governing adoption empowered the court to "appoint a lawyer representing a child such as [T.G.L.] who is caught in the middle of three adoption procedures at the same time, and that the county would probably be liable for [T.G.L.'s] attorney's fees... ." The court entered an order awarding fees and costs and holding the county responsible, citing to sections 43.28 and 63.022, Florida Statutes (1991).

*732 LAW AND ANALYSIS
The trial court relied on section 43.28, which requires the county to provide the "personnel necessary" to operate the courts, unless such is provided by the state, as well as section 63.022(2)(l), which provides:
In all matters coming before the court pursuant to [the Florida Adoption Act], the court shall enter such orders as it deems necessary and suitable to promote and protect the best interests of the person to be adopted.

SECTION 43.28
The Florida Supreme Court has held that attorneys ad litem are deemed "personnel necessary" within the meaning of section 43.28 when the right to counsel constitutionally attaches to an indigent person. In the Interest of D.B., 385 So.2d 83 (Fla. 1980). A constitutional right to counsel attaches to an indigent child in delinquency proceedings which might result in detention as a punishment. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In Interest of Hutchins, 345 So.2d 703 (Fla. 1977). By contrast, the Florida Supreme Court has specifically held that a constitutional right to counsel does not attach to the "subject child" in dependency proceedings, because such proceedings are not penal in nature. D.B., 385 So.2d at 91.
In Matter of Skinner, 541 So.2d 781 (Fla. 4th DCA 1989), this court held that the "personnel necessary" referred to in section 43.28 also included statutorily mandated counsel. We reasoned that personnel are legally "necessary" whether it is the constitution or a statute that requires court-appointed representation.
Like a dependency proceeding, an adoption proceeding does not involve punishment for the child. Therefore, a constitutional right to counsel does not attach to a child in an adoption proceeding. There being no authority otherwise mandating the appointment of counsel in these circumstances, we conclude that attorneys for children in adoption proceedings are not legally required and therefore are not personnel necessary for the operation of the courts.

SECTION 63.022(2)(l)
We also fail to see how section 63.022(2)(l) mandates the attorney's appointment. Trial courts generally have a broad mandate to act in the best interests of children. The statute's requirement that the court "enter such orders as it deems necessary and suitable to promote and protect the best interests" of a child really adds little to this well established mandate. The appointment of counsel, as interpreted by the Florida Supreme Court, is another matter entirely. Obviously, we are bound by the supreme court's holdings on this issue. There is little doubt that trial courts are mandated in dependency proceedings to enter orders "necessary and suitable to promote and protect the best interests" of the child. However, the supreme court has held that the protection of children in such cases does not ordinarily encompass the appointment of counsel. See D.B., 385 So.2d at 91. It would make little sense to hold that counsel is required in adoption proceedings, but not in dependency proceedings, when the court's obligation to look after the welfare of the child is the same.

GUARDIANS
Since the adoption in this case was an outgrowth of a dependency action, we have also examined the authority for appointment of a guardian ad litem for a child. The guardian ad litem program is codified by Florida Rule of Juvenile Procedure 8.590 and Chapter 415, Florida Statutes, and is governed by the Minimal Standards of Operation as adopted by the supreme court. Rule 8.590(a) provides:
At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
Standard 1.6 of the Minimal Standards of Operation states:
Only duly certified volunteers of the State of Florida Guardian Ad Litem Program may be appointed as guardian ad litem for a child in abuse or neglect *733 proceedings, unless the program requests appointment of an attorney to act as a guardian ad litem.

(Emphasis supplied). Standard 1.7 provides for an attorney in addition to the guardians ad litem:
Each circuit program shall provide for legal services and may employ legal counsel to provide legal services in accordance with guidelines established by the Office of the State Courts Administrator. Circuits shall not appoint other attorneys in addition to the guardian ad litem unless a request is filed by the [guardian ad litem] program or the child has delinquency or other matters which require representation independent of the guardian ad litem.

(Emphasis supplied).
The Implementation Guidance comments following Standard 1.7 specifically address the issue of court-appointed attorneys ad litem at county expense, and state:
Where guardian ad litem program funding is provided to a circuit, attorneys ad litem or attorneys for children, paid by the county or state, may not be appointed by the court unless: (1) they are requested, appointed, and coordinated through the program; (2) the child's wishes differ from the guardian's recommendations and the court appoints counsel to advocate for the child's wishes; (3) the child is charged with delinquent acts; or, (4) the program advises the court that it is unable to provide guardian ad litem services to a child.
(Emphasis in original). While these provisions do provide for the use of attorneys in limited situations, it is apparent that none of the four foregoing factors are implicated in the present case, to justify the appointment of an attorney in addition to the guardian ad litem.
The failure of a trial court to follow these standards has been held to relieve the county of financial liability for the fees and costs of attorneys ad litem. See In Interest of C.T., 503 So.2d 972 (Fla. 4th DCA 1987) (Department of Health and Rehabilitative Services and county were not required to pay attorney/guardian ad litem fees in juvenile dependency cases filed after circuit established guardian ad litem program where neither department nor county requested appointment of attorney/guardian ad litem); State ex rel. Dept. of Health and Rehabilitative Servs. v. Nourse, In and For St. Lucie County, 489 So.2d 1214 (Fla. 4th DCA 1986) (circuit court acted in excess of jurisdiction in ordering Department of Health and Rehabilitative Services, in child custody case, to pay fees of attorney ad litem for children temporarily in department's custody, where department had not requested appointment of attorney ad litem).
On this issue we agree with the recent comments by the Fifth District in its opinion in Department of Health and Rehabilitative Servs. v. Coskey, 599 So.2d 153, 157 (Fla. 5th DCA 1992):
It is difficult to imagine what further services could be offered by the additional appointment of counsel for a ... child when the guardian ad litem has as the goal the best interests of the child and that guardian ad litem, in turn, is counseled by the program attorney.
We do not believe that Marion County v. Johnson, 586 So.2d 1163 (Fla. 5th DCA 1991), cited by the county for the proposition that HRS rather than the county should bear the fees and costs, is controlling here. That case was unusual in many respects, not the least of which was the fact that the attorney ad litem was appointed after HRS apparently failed to minimally perform its legislatively mandated duties. We believe that case is limited by its facts.

CONCLUSION
No one has challenged the work of the attorney on behalf of the child or the reasonableness of the fees and costs assessed. It is apparent that the attorney is entitled to compensation for the services he rendered on behalf of the child in good faith and pursuant to an order of the court. We hold only that the county is correct in asserting that it cannot be held responsible under the circumstances.
The order of appointment recites in the first paragraph that "[t]he cause came to *734 be heard upon the motion of [the grandmother] and [the aunt and uncle] who petitioned to adopt him." Because it appears that these individuals moved for the appointment, they are the ones who should bear the fees and costs. The record does not disclose that this alternative was pursued. See Coskey, 599 So.2d at 157.[1]
In accord with the above we reverse and remand for further proceedings in accord herewith.
ANSTEAD, HERSEY and POLEN, JJ., concur.
NOTES
[1] We decline to consider the outcome should it be determined that the movants for the appointment of an attorney ad litem are financially incapable of paying the fees and costs. There is some authority for the proposition that responsibility should be placed upon HRS, as a last resort, since the adoption proceeding grew out of the dependency action brought by HRS. See Department of Health and Rehabilitative Servs. v. A.H., 459 So.2d 417 (Fla. 1st DCA 1984) (responsibility of reimbursement of appointed guardians ad litem, where parents are found financially unable to do so, is placed upon Department of Health and Rehabilitative Services); See also In Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla. 1985); and Marion Co. v. Johnson, cited above.