DAUKSCH, Judge.
This is an appeal from an order requiring appellant to pay appellee attorney fees for *566 representation of certain children in the guardian ad litem program.
Because no statutory or contractual basis exists for the payment of fees for lawyers representing children in the program and, more particularly, for this lawyer’s representation, we must reverse the order awarding fees.
Appellee asserts that the order appointing him as attorney for the children states that “counsel be compensated from public funds” and that he relied upon that order as the basis for his claim for fees. In Brevard County v. Dept. of Health & Rehabilitative Servs., 589 So.2d 398 (Fla. 5th DCA 1991), we held that the county was not responsible for payment of such fees, notwithstanding the attorney’s reliance upon a circuit judge’s order assuring payment for representation in a dependency proceeding. It is that same order, or a similar one, that is now on appeal but a different entity which has been required to pay the fees.
In order for appellee to succeed he must be able to demonstrate a contractual basis for the fees, or a statutory basis for the fees, or a quantum meruit basis for the fees. Further, there must be a source of money from which appellee can collect his fees. While we understand the predicament in which appellee finds himself and acknowledge his argument that a contract of sorts exists by his agreement to perform legal services for children in the program, we must recognize that no public funds have been allocated for payment of his fees. The result is that even if appellee thought he was going to be paid for his services he cannot demonstrate that he was justified in believing some fund existed to pay him.
The order and judgment for fees is reversed.
REVERSED.
W. SHARP, J., and BAKER, J.P., Associate Judge, concur.