PER CURIAM.
This is the second appearance of this ease with respect to the award of attorney’s fees to the court appointed attorney-ad-litem. In the first appeal, this court held only that the county was not responsible for the fee. See Palm Beach County ex rel. Adoption of T.G.L., 606 So.2d 730 (Fla. 4th DCA 1992). However, the opinion contained dicta to the effect that HRS might be held responsible for the fee if those who requested the attorney-ad-litem were not financially capable of paying such fee. Id. at 733 n. 1 (citing Department of Health & Rehabilitative Servs. v. A.H., 459 So.2d 417 (Fla. 1st DCA 1984); In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla.1985); Marion County v. Johnson, 586 So.2d 1163 (Fla. 5th DCA 1991)). Despite this dicta, we now hold that HRS is not responsible for paying the fee because HRS *924 did not request the appointment of the attorney-ad-litem. See Department of Health & Rehabilitative Servs. v. Coskey, 599 So.2d 153 (Fla. 5th DCA 1992); In the Interest of C.T., 503 So.2d 972 (Fla. 4th DCA 1987); Department of Health & Rehabilitative Servs. v. Nourse, 489 So.2d 1214 (Fla. 4th DCA 1986). Accordingly, we reverse.
Having further considered this issue which is now squarely before the court, we conclude that AH., M.P. and Marion County do not dictate the result suggested by the dicta in our prior T.G.L. opinion regarding HRS’ responsibility for the fee. Both AH. and M.P. involved the services of a guardian-ad-litem (albeit an attorney in M.P.), rather than an attorney-ad-litem. The basis for holding HRS liable for the fees and costs of the guardian-ad-litem in a dependency action was that HRS has primary responsibility for carrying out the legislative mandate that a guardian-ad-litem be appointed in cases where abuse or neglect is alleged. See M.P., 453 So.2d at 86-90. In contrast, Coskey, C.T., and Nourse, which indicate that HRS is not responsible for attomey-ad-litem fees in dependency or custody actions unless the appointment of the attomey-ad-litem is requested by HRS, are premised on standard 1.7 of the Minimal Standards of Operation, which govern the guardian-ad-litem program. Standard 1.7 did not become effective until 1985, after the decisions in AH. and M.P.
Marion County held HRS responsible for attomey-ad-litem fees, even though such appointment was not requested by HRS, because the attorney-ad-litem’s appointment was necessitated by HRS’ inaction and ineffectiveness in resolving the case. The facts of the immediate case do not bring it within the confines of Marion County, which in essence recognized an equitable exception based on the failure of HRS to perform its statutory duties. We do not read Marion County so broadly as to suggest that HRS should be responsible as a last resort in all circumstances when it would be inequitable to require another to pay.
Finally, as discussed in our prior T.G.L. opinion, there is support for that opinion’s dicta that the parties who requested the attorney-ad-litem’s appointment should be held responsible for payment of the fee. Nonetheless, under the unique facts of this case, we now conclude that it would be inequitable to hold the moving individuals responsible for the attorney-ad-litem fee where they relied upon the lower court’s order which, albeit erroneously, placed responsibility for payment of the fee upon the county. Thus, the attorney-ad-litem unexpectedly has become — by our two opinions — a trae pro bono advocate.
GLICKSTEIN, PARIENTE and STEVENSON, JJ., concur.